UNITED STATES of America

v.

**Nhan Keim TRAN**

**Criminal H–89–135–02.**

United States District Court,
S.D. Texas,
Houston Division.

July 7, 2000.

---

Nhan Kiem Tran, Texarkana, TX, pro se.

Paula Offenhauser, Office of United States Attorney, Houston, TX, for respondent.

Opinion on Denial of Relief
from Judgment

HUGHES, District Judge.

Nhan Kiem Tran has moved—with the assistance of a fellow inmate Lawrence Kenemore, Jr.—for the court to vacate its judgment on his application for a writ of habeas corpus because he says he was

---

tricked. See Rule 60(b) and 28 U.S.C. § 2255. Tran's motion will be denied.

A jury convicted Nhan Kiem Tran and his brother of several methamphetamine offenses. Two facts may create confusion in this case: *Nhan* Kiem Tran's brother's name is *Nha* Kiem Tran, and some of Nhan's filings identify his names as *Nham* or *Khiem*. Even the affidavit he attached to his motion to vacate contains two distinct spellings of his name.

With the help of inmate David Dirks, Nhan Tran applied for habeas corpus relief. The court denied the application in June of 1997. In mid–1999, Tran complained that Dirks had mis-identified himself as an attorney, with Tran later discovering that Dirks was not an attorney. Tran says that his first application was not valid because Dirks signed the civil cover sheet and the application instead of Tran or a real attorney.

Dirks acted as Tran's agent. The authorized acts of an agent bind the principal. An agent has actual authority when the principal instructs him to handle a matter for him. *See Mexico's Industries, Inc. v. Banco Mexico Somex, S.N.C.,* 858 S.W.2d 577, 583 (Tex.App.—El Paso, 1993, reh'g overr.)(binding corporation to its agent's acts). Tran as the principal and Dirks as the agent specifically arranged orally and in writing for Dirks to prepare and file Tran's application for a writ of habeas corpus. Dirks had actual authority to act on Tran's behalf and to bind him.

The attorney-layman distinction is not a defense. Tran admits that Dirks acted as his representative at Tran's request and at Tran's expense. Tran knew that Dirks was a fellow prisoner, and he does not allege that he ever asked Dirks about a law license, and the other documents show that Tran had actual knowledge that Dirks was a "substitute counsel." Many inmates rely on other ones to help them write and file court papers in exchange for money or other favors.

By attaching copies of Christmas cards and other correspondence that apparently update Tran on Dirks's progress in drafting the application, Tran has attempted to show that Dirks defrauded him. The correspondence appears to be addressed not to Tran but to his brother Nha. Even assuming scrivener's error—that Dirks believed he had written to Nhan—the letters prove nothing. In fact, the correspondence shows that Dirks drafted the application and filed it just as he had promised to do. Also, the receipts of payments by Nha to Dirks call him a "legal consultant" not an attorney, so it is clear that Dirks did not even hold himself out to be an attorney on Tran's own record. Dirks used the form for people who do not have attorneys and did not himself sign the line for "signature of attorney."

The drafter of the motion need not be an attorney or the plaintiff himself. It suffices that the drafter be Tran's representative. Tran asked Dirks for his help and paid him for his services. Dirks prepared, signed, and filed the application for Tran all with Tran's knowledge and consent. The application filed and signed by Dirks on behalf of Tran is valid as Tran's act. Tran may not now come before this court and retract his application filed on April 23, 1997. By his logic in this motion, he can repudiate Kenemore's acts when this motion fails.

Finally, although he complains about the services he received from an unlicensed fellow inmate from 1995 to 1997, Tran has admitted that he relied on another inmate—Lawrence Kenemore, Jr.—to prepare his current motion to vacate and application for writ of habeas corpus. Tran may not rely on others to assist him and then disavow their work when it is ineffectual.

### Order

Nhan Kiem Tran's motion to vacate his sentence and his application for habeas corpus are denied (239, 240).